## INDUSTRIAL COM. v. AHERN.

Ohio Supreme Court.

No. 20973. Decided June 13, 1928.

Error to Hamilton Appeals.

Judgment reversed.

**456. EMPLOYER AND EMPLOYE—1283 Workmen's Compensation.**

1. Custom, rule or regulation, adopted by employer, will not place employe in his employment, if no employment in fact exists.

2. Art. II, Sect. 35, Ohio Constitution, and law enacted pursuant thereto, connotes injury "in course of employment" as injury sustained in performance of required duty done in service of employer.

3. Employe injured in pursuance of private and personal business, disconnected with employment, not entitled to compensation.

**JONES, J.**

1. No custom, rule or regulation, adopted by an employer, will be permitted to place an employe in his employment, if no employment in fact existed at the time of the injury, or if such custom, rule or regulation materially changes the ordinary and commonly accepted meaning of the phrase "in the course of employment".

2. Under Section 35, Article II of our Constitution and the law enacted pursuant thereto, the phrase, "in the course of employment" connotes an injury sustained in the perform-

ance of some required duty done directly or incidentally in the service of the employer.

3. An employe who is injured when engaged, not in the service of an employer, but in pursuance of the employe's private and personal business, disconnected with the employment, is not entitled to compensation under the Workmen's Compensation Law.

Judgment reversed.

(Marshall, CJ., Day, Kinkade, Robinson and Matthias, JJ., concur. Allen, J. concurs in propositions 2 and 3 of the syllabus and in the judgment.)